## UNITED STATES

v.

**Airman First Class Cheri ROGGEN-BUCK, FR 558–15–7669 United States Air Force.**

**ACM S25156.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 20 Oct. 1980.

Decided 19 June 1981.

Appellate Counsel for the Accused: Colonel George R. Stevens, and Colonel Michel Levant, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain George D. Cato.

Before EARLY, MILES and KASTL, Appellate Military Judges.

## DECISION

EARLY, Chief Judge:

Tried by special court-martial, the accused was convicted, pursuant to her pleas, of wrongful possession of 491 grams of marijuana, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The approved sentence extends to a bad conduct discharge, confinement at hard labor for two months, forfeiture of $300.00 and reduction to airman basic.

At trial during the sentencing proceedings before members, the accused made an unsworn statement in mitigation and extenuation of the offense and offered several affidavits relating to her excellent performance of duty. For reasons not relevant here, the military judge, largely at the behest of the defense counsel, declared a mistrial. The errors asserted by appellate defense counsel all relate to the subsequent proceedings on sentencing.

■ During an out-of-court hearing prior to the new hearing on sentencing, the defense counsel offered a written, unsworn statement by the accused. The military judge, noting that the written statement did not include all of the information given in the previous unsworn statement,[1] asked if the trial counsel intended to introduce the transcript of the previous statement. Trial counsel indicated that he would if the written statement was "in evidence." Over defense objections, the military judge ruled that trial counsel could introduce the transcript even if the written statement were not in evidence. Trial counsel asked the military judge to reconsider his ruling as it was the Government's intention to use the transcript only as possible rebuttal. How-

---

1. The previous statement contained admissions by the accused that she had previously used marijuana. The written statement, although essentially similar, did not contain these admissions.

ever, the military judge persisted in his ruling and, when the Court was assembled, he stated:

> Trial counsel will please present evidence concerning the facts and circumstances surrounding the Specification and Charge to which the accused has plead (sic) guilty. Also please give to the President of the Court the unsworn statement of the accused made during the prior proceeding.

This was error.

The Manual for Courts-Martial, 1969 (Rev.), in paragraph 75*b*(3), change 3 provides:

> ... If a finding of guilty of an offense is based upon a plea of guilty and available and admissible evidence as to any aggravating circumstances was not introduced before findings, the prosecution may introduce that evidence after findings are announced.

The unsworn statement of the accused contained only one answer pertaining to the offense of which she had been convicted, and this was less specific than the stipulation of fact which was then properly before the Court. In addition, the unsworn statement also contained several admissions of uncharged misconduct which went far beyond any aspect of aggravating circumstances. The prejudicial effect of this statement on the Court members is obvious.[2]

■ Appellate defense counsel also challenge the ruling of the military judge denying the accused the right to present certain affidavits concerning her duty performance on the ground that they were cumulative of other affidavits and testimony which would be presented. Specifically he made defense counsel choose one out of five for presentation to the court members. This, too, was error.

The Manual, *supra*, at paragraph 75*c*(1), change 3, provides:

> ... With respect to matters in extenuation and mitigation offered by the defense, the military judge ... may relax the rules of evidence to the extent of receiving affidavits, certificates of military and civil officers, and other writings of similar apparent authenticity and reliability.

Although we recognize that this matter is within the discretionary powers of the military judge, the rejection of four short affidavits of five on the grounds of cumulativeness is a clear abuse of discretion.[3]

The material prejudice to the substantial rights of the accused of these errors is manifest.[4] Article 59(a), 10 U.S.C. § 859(a). Under other circumstances we would order a rehearing on sentence. However, twice is

---

2. In view of our disposition, we need not decide whether an unsworn statement of an accused given in mitigation could ever be introduced into evidence. The Manual for Courts-Martial, 1969 (Rev.), paragraph 75*c*(2), Change 3, states: "This unsworn statement is not *evidence*, and the accused cannot be cross-examined upon it, but the prosecution may rebut statements of fact therein by *evidence*." (Emphasis added)..... "The same text is part of the advice given to the accused during the sentencing proceeding and also appears in the instruction to court members relating to the effect and weight to be given to an unsworn statement. As quoted above, the trial counsel may after conviction upon a plea of guilty, introduce "available and admissible *evidence* as to any aggravating circumstances ... not introduced before findings." (Emphasis added). Thus, the threshold question is whether an unsworn statement ever reaches the status of "evidence". While we are not willing to make a definitive statement, in view of the apparently restrictive use to which it may be put, it does appear that the instances where an unsworn statement would be admissible against the accused would be few.

3. We would be far more comfortable in upholding the military judge here had the evidence been offered through testimony of witnesses. In such case the costs in time and money might well support the ruling. However, we find it difficult to see how the introduction of a few pieces of paper could have unduly burdened the court, particularly in view of the broad rights given to an accused at this point in the trial.

4. Trial participants are reminded that although the military rules of evidence apply for the trial on the merits, they are relaxed during the procedures for sentencing. See Manual, paragraph 75.

enough. We will cure the errors by reassessment.

 In consideration of the errors noted above, the record as a whole, and the fact that the accused has successfully completed rehabilitative training, we find appropriate only so much of the sentence as provides for confinement at hard labor for two months, forfeiture of $300.00 and reduction to airman. The remaining assignments of error, not mooted by our disposition, are resolved adversely to the accused.

The findings of guilty and the sentence, as modified, are

AFFIRMED.